# (October 20, 1971)

■ In the Matter of Preferring Charges against LOUIS TROUVE', a Court Reporter in the Nassau County Family Court, Pursuant to 22 NYCRR 25.32. — By order of this court dated July 1, 1971, the Honorable Bernard S. Meyer, a Justice of the Supreme Court, Nassau County, was designated to hear stated charges of misconduct, incompetency, insubordination and neglect of duty against the respondent, a Court Reporter employed in the Family Court in Nassau County. The order provided that a record be made of such hearing and that Justice Meyer refer the record, together with his recommendations, to this court for review and decision. In paragraphs " 3 " through " 8 " of the petition six charges were alleged against the respondent. They are herein numbered and referred to as charges " 1 " through " 6 " respectively. Because of the length of the specific allegations a verbatim recital thereof in this decision will be dispensed with. Justice Meyer found that (a) charge 1 (as alleged in paragraph " 3 " of the petition) was partially sustained; (b) charge 2 (as alleged in paragraph " 4 ") was partially sustained; (c) charge 3 (as alleged in paragraph " 5 ") was sustained with respect to the specifics contained in subdivisions C, D, E and F of said paragraph; (d) charge 4 (as alleged in paragraph " 6 ") was not sustained; (e) charge 5 (as alleged in paragraph " 7 ") was partially sustained, and (f) charge 6 (as particularized in subdivisions [A] through [E] of paragraph " 8 ") was sustained, except for the date in subdivision B, which should be April 20 instead of April 23. Predicated on the foregoing it appears that Justice Meyer found in essence as follows (1) On June 10, 1971, while working in the courtroom presided over by Judge Dempsey, the respondent was flushed, difficult to understand, smelled strongly of alcohol and did not read back coherently; and parts of his transcript were so disjointed as to suggest that the difficulty was with him rather than the other participants. (2) On March 5, 1971 the respondent was unable to correctly read back certain passages requested by Judge Delin during a trial before him. (3) On April 26, 27 and 28 and May 10, 1971 the respondent

was absent from duty, without lawful excuse or permission. (4) On April 14, 1971, the respondent interrupted Judge Beatrice Burstein while the court was in session; and these interruptions were caused by over-indulgence in alcoholic beverages during the luncheon recess. (5) The respondent failed to timely complete the transcript of his part of the minutes in a case entitled *Spence-Chapin v. Polk*. In our opinion the evidence adduced adequately substantiates the foregoing findings. Accordingly, they are confirmed. With respect to the penalty, Justice Meyer recommended that the respondent be dismissed. However, in doing so, he indicated that, in view of the loss of pension rights that dismissal would involve, and since the respondent's drinking habits are his difficulty, he would have recommended a probationary period if the respondent would co-operate with the Long Island Council on Alcoholism or a psychiatrist — and if this procedure were permissible under the governing regulation (22A NYCRR 25.32 [c] [1]). He properly concluded that the regulation does not provide for probation. Accordingly, he concluded for dismissal and reasoned that "the business of the Family Court is of such far reaching effect on the lives of those who appear there that activity of the kind engaged in by respondent, disruptive of proceedings and in disregard of the rights of the litigants and of respondent's obligations as a court reporter, cannot be countenanced ". We fully agree with Justice Meyer's conclusion and his rationale for dismissal. However, since the hearing and the report by Justice Meyer, the respondent has indicated his willingness to comply with Justice Meyer's suggestion that he seek treatment. We also note Justice Meyer's reference in his report to the respondent's otherwise commendable background and the potential hardship to his family if his pension did not vest. Accordingly, we are of the opinion that if the maximum penalty under the regulation short of dismissal were imposed, and if the respondent were apprised of the foregoing reasons for our withholding the penalty of dismissal, it may have a salutary effect upon his future course of conduct. The respondent is therefore suspended for a period of two months without pay, commencing as of July 12, 1971. This is in addition to respondent's prior suspension in connection with this matter. In imposing this penalty we admonish the respondent that, if in the future he engages in conduct similar to that involved here and charges are preferred against him therefor, it may result in his dismissal from the service. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.